# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JONI GOLDYN; an individual; JON TRUJILLO, an individual; and TRACEY CASTANEDA, an individual; | ) ) ) ) | 2:06-cv-00950-RCJ-RJJ |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| CLARK COUNTY, NEVADA; COMMISSIONERS BRUCE L. WOODBERRY, TOM COLLINS, CHIP MAXFIELD, YVONNE ATKINSON GATES, MYRNA WILLIAMS, LYNETTE BOGGS MCDONALD, and RORY REID; CLARK COUNTY DISTRICT ATTORNEY'S OFFICE; DAVID ROGER, in his official capacity as Clark County District Attorney; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; BILL YOUNG, in his official capacity as Sheriff of the Las Vegas Metropolitan Police Department; and DOES I through XX, inclsuive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the Court on Defendants Bruce L. Woodbury, Tom Collins, Chip Maxfield, Yvonne Atkinson Gates, Myrna Williams, Lynette Boggs McDonald, and Rory Reid's Motion to Dismiss. (#42.) The Court has considered the Motion, the pleadings on file, and oral arguments on behalf of the parties. It is hereby ordered that Defendants' Motion to Dismiss (#42) is *granted*.

## INTRODUCTION

Plaintiffs Joni Goldyn, Jon Trujillo, and Tracey Castaneda (collectively "Plaintiffs") have sued Clark County, Clark County District Attorney's Office, the Las Vegas Metropolitan Police Department, the Clark County Commissioners, and various individuals in their official capacities as members in those institutions. Plaintiffs have listed Defendants Bruce L. Woodbury, Tom Collins, Chip Maxfield, Yvonne Atkinson Gates, Myrna Williams, Lynette Boggs McDonald, and Rory Reid ("Defendants") by name in their Complaint. (#1.) Defendants are currently Clark County Commissioners. Plaintiffs have sued the above-mentioned entities and Defendants for violating Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983. Plaintiff Goldyn initiated this lawsuit after having spent twelve years in prison. The Ninth Circuit Court of Appeals recently overturned her conviction. Defendants have filed their Motion to Dismiss (#42) asking the Court to dismiss the claims against them because they are improperly named in this case.

## FACTUAL BACKGROUND

In November 1987, Plaintiff Joni Goldyn opened checking and savings accounts with the Nevada Federal Credit Union (NFCU). Although Goldyn had previously been convicted for three felonies, NFCU extended to Goldyn a $1,000 loan, a $500 line of credit attached to her checking account, a credit card, and a check guarantee card. The back of the guarantee card read as follows:

> This credit union guarantees payment of card-holder's checks drawn prior to
> the expiration date by the person whose name appears on the face of this card
> subject to the following conditions: 1) Check amount shall not exceed $ 100
> cash or $ 500 for merchandise; 2) Card number and expiration date must
> appear on the check . . . .

By January 1988, Goldyn had depleted the funds in her accounts, used the $500 credit line, and accumulated various bank fees, resulting in a net negative balance. Nevertheless, Goldyn continued writing checks, and merchants continued accepting them. More importantly, NFCU continued covering her checks, as the check guarantee card obligated it to do.

At trial, a jury convicted Goldyn of five counts of Drawing and Passing Checks with Insufficient Funds on Deposit, in violation of Nev. Rev. Stat. 205.130. Because she had previously been convicted of three felonies and one gross misdemeanor—all fraud related—she was sentenced as a habitual criminal to five life sentences. After asserting her innocence seven times before three courts, The Ninth Circuit Court of Appeals overturned her conviction based on an interpretation of the statue at issue in her case. The statute under which Plaintiff Goldyn was convicted made it a crime to willfully pass a bad check "when the person has insufficient money, property or credit with the drawee of the instrument to pay it in full upon its presentation." Nev. Rev. Stat. 205.130(1). Basically, the Ninth Circuit held that Nevada's definition of credit included the check guarantee card.[1] Because the bank guaranteed payment through the guarantee card, even if the cardholder had insufficient funds to back his or her purchase, the Ninth Circuit held that the guarantee card constituted "credit." Thus, although the Ninth Circuit agreed that Goldyn intended to deceive and defraud, she could not be convicted under the statute. Plaintiff has now sued the named defendants for violating her civil rights. Although Defendants currently serve as Clark County Commissioners, they did not work in that capacity when Plaintiff alleges her rights

---

[1] Nevada defines "credit" as "an arrangement or understanding with a person, firm, corporation, bank or depositary for the payment of a check or other instrument." Nev. Rev. Stat. §205.130(4).

Page 3 of 6

were violated, and Plaintiff does not allege that Defendants actually participated in the alleged violations or conspired to continue such violations since they took office.

**DISCUSSION**

Defendants ask the Court to dismiss them from this case because Plaintiffs have sued Clark County and Defendants in their official capacities as commissioners; thus, Defendants argue that they are not necessary parties to this action. Defendants also point out that at the time of Plaintiff Goldyn's arrest and conviction, they were not even Clark County Commissioners.

**I.   Defendants' Motion to Dismiss**

Defendants bring an unenumerated motion to dismiss and rely on Nevada Revised Statute § 12.105, which reads as follows:

> Any political subdivision, public corporation, special district, or other agency of state or local government which is capable of being sued in its own name may be sued by naming it as the party without naming the individual members of its governing body in their representative capacity. In addition to any other method which may be provided by statute or rule of court, service may be made upon the clerk or secretary of the political subdivision, corporation or agency.

Defendants argue that based on the statute, the Court should dismiss their individual names from this case. In addition, Defendants also point out that Plaintiffs' Complaint does not refer to any actions allegedly taken by Defendants, and that Defendants were not even Clark County Commissioners when Plaintiff Goldyn was arrested and convicted. However, while the Nevada statute to which Defendants cite states that a plaintiff may sue a governmental agency without naming individual agency members, the statute does not prohibit a plaintiff from filing a lawsuit naming both the entity and the individual members in their official

capacity. Further, the statute does not contain any language authorizing the Court to dismiss or remove individually-named agency employees from lawsuits.

However, courts have consistently allowed individuals sued in their official capacity to remove their names from complaints so long as the plaintiff in such an action did not allege that the official took actions beyond his or her statutory powers or, even though within the scope of authority, the powers themselves or the manner in which they are exercised are constitutionally void. *See, e.g., People of Cal. ex rel. Ervin*, 170 F. Supp. 2d 1040, 1045-46 (E.D. Cal. 2001) (citing *Malone v. Bowdoin*, 369 U.S. 643, 647 (1962)). In this case, Plaintiffs do not allege that Defendants acted beyond their statutory authority or in a manner other than that allowed in their official capacity. Indeed, Plaintiffs could not make such a claim because Defendants were not commissioners when the alleged violations occurred. Furthermore, while the statute in question clearly allows Plaintiffs to name both the agency and the individuals in their Complaint, the Nevada Supreme Court has stated that courts do not abuse their discretion in dismissing county commissioners from a lawsuit who are named "solely because they [are] county commissioners . . . ." *King v. Baskin*, 511 P.2d 115, 116 (Nev. 1973). In *King*, the Nevada Supreme Court upheld a district court's decision to dismiss named defendants from a lawsuit whom the plaintiff named solely because they were county commissioners. The Nevada Supreme Court noted that the lower court dismissed the individually-named defendants without prejudice, allowing the plaintiff to rename them if "that should later appear warranted." *Id.*

This case is similar to *King* in that Plaintiffs have named Defendants solely because they are county commissioners. Defendants did not work as commissioners when Goldyn

claims her rights were violated. Goldyn's Complaint does not indicate that Defendants actually took part in the alleged violations. Accordingly, the Court grants Defendants' Motion to Dismiss. (#42.)

## CONCLUSION

The Court grants Defendants' Motion to Dismiss. (# 42.) While the statute in dispute allows plaintiffs to name both Clark County and individual commissioners, courts have dismissed or ordered stricken from pleadings individual agency employees when the agency was also sued and the individual defendants took no part in the action. Further, the Nevada Supreme Court has allowed courts to dismiss county commissioners from lawsuits when the sole reason the plaintiffs named the individuals was because they were county commissioners. Thus, the Court grants Defendants' request to remove their names from this lawsuit. However, the Court will allow Plaintiffs to later add Defendants to this case if Plaintiffs can demonstrate that Defendants actually took part somehow in the alleged violations or have conspired to continue the alleged violations since taking office. Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#42) is *granted*.

DATED this 5th day of January, 2007.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE